In re MARITIMES & NORTHEAST PIPELINE, L.L.C. CONDEM-NATION ACTIONS

97.25 ACRES OF LAND, More or Less in Boxford, Massachusetts, Owned by Jack R. Pearl;

24.7 ACRES OF LAND, More or Less in Boxford, Massachusetts, Owned by John P. & Dorothy E. McCormack

39.52 ACRES OF LAND, More or Less in Methuen, Massachusetts, Lease-hold Interest of Timothy & Carmela Benoit

4.4 ACRES OF LAND, More or Less in Peabody, Massachusetts, Owned by James Medeiros, Sr. as Trustee of the Medeiros Realty Trust;

.714 ACRES OF LAND, More or Less in Danvers, Massachusetts, Owned by JA Ventura LLC;

59.175 ACRES OF LAND, More or Less in Danvers, Massachusetts, Owned by Osram Sylvania Products, Inc.;

8.26 ACRES OF LAND, More or Less in Peabody, Massachusetts, Owned by Nicholas J. DeCoulas as Trustee of the Willowdale Realty Trust

Nos. CIV.A. 02–10941–WGY, CIV.A. 02–10980–WGY, CIV.A. 02–10982–WGY, CIV.A. 02–11047–WGY, CIV.A. 02–11050–WGY, CIV.A. 02–11054–WGY, CIV.A. 02–11066–WGY, CIV.A. 02–11107–WGY.

United States District Court, D. Massachusetts.

Dec. 17, 2004.

David L. Ankeles, Ankeles, Harmon, Bonfanti, Durkin, Vontzalides & Ambeliotis, Peabody, MA, for 24 Newbury Street Danvers Trust, Consolidated Defendant.

Andrew A. Caffrey, Jr., Caffrey & Caffrey, Andover, MA, for John Simone William Simone, III, Consolidated Defendants.

Brian P. Cassidy, Cassidy & Associates, Gloucester, MA, for James Hartigan, Consolidated Defendant.

John Christopher, Christopher & Weisberg P.A., Fort Lauderdale, FL, for City of Peabody, Eleanor Wake, Consolidated Defendants.

Robert A. Ciampitti, Jr., Law Offices of Robert Ciampitti, Jr., Boston, MA, for

James W. Roche, Laura L. Patten, Consolidated Defendants.

Frederick J. Conroy, Frederick J. Conroy, Lexington, MA, for John E. Deloury, Consolidated Defendant.

Thomas J. Conte, Vincent F. O'Rourke, Bowditch & Dewey, LLP, Worcester, MA, for Massachusetts Electric Co., New England Power Company, Consolidated Defendants.

James M. Cote, Cote & Casey, Danvers, MA, for Waters River Corp., Peter A. Pantazelos, William F. Garland, Consolidated Defendants.

Gary Davis, Jr., Global Environmental Strategies, LLC, Newton, MA, for Judith M. Haszard, Consolidated Defendant.

Nicholas J. Decoulos, Decoulos & Decoulos, Peabody, MA, for James Medeiros, Sr., Nicholas J. Decoulos, Peter A. Pantazelos, William F. Garland, Consolidated Defendants.

Lawrence S. Delaney, Swiggart & Agin, LLC, Boston, MA, for First Pioneer Farm Credit, ACA, Consolidated Defendant.

Edward J. Denn, Gilbert & Renton, Andover, MA, for T. Garrick Steele, Consolidated Defendant.

Gregory N. Eaton, Oakley, O'Sullivan & Eaton, P.C., Andover, MA, Maurice J. Lariviere, Methuen, MA, for James E. Eaton, III, Consolidated Defendant.

Michael Faherty, Gloucester, MA, for 125 Water Street LLC, Cyrk, Inc., Consolidated Defendants.

Albert L. Farrah, Attorney At Law, Boston, MA, for Haverhill Land Development, Inc., Consolidated Defendant.

John W. Fieldsteel, Urbelis & Fieldsteel LLP, Boston, MA, for P.E.A. Films, Inc., Consolidated Defendant.

James T. Finnigan, Rich, May, a Professional Corporation, Boston, MA, for Maritimes & Northeast Pipeline, L.L.C., Plaintiff.

James O. Fleckner, Goodwin Procter LLP, Boston, MA, Samantha Leigh Gerlovin, Brown Rudnick Berlack Israels LLP, Boston, MA, for Osram Sylvania Products, Inc., Consolidated Defendant.

Peter E. Flynn, Law Offices of Peter E. Flynn, P.C., Saugus, MA, for Alan A. Johnson, Ali Orgad, Annette Rescigno, Bradford G. Sheldon, Carolyn H. White, Christopher Melillo, Dorothy E. McCormack, Francis Valeriani, Jr., John P. McCormack, John S. Merriam, Jr., Judith M. Haszard, Kathleen C. Sheldon, Lisa Melillo, Lynn R. Merriam, Richard J. Rescigno, Roberta Valeriani, Valerie Johnson, Barbara A. Carney, John J. Carney, Osram Sylvania Products, Inc., Consolidated Defendants.

Mark Ford, John P. Ford, Esq., Lawrence, MA, for Marybeth McInnis, Consolidated Defendant.

Michael A. Gerstein, Phillips, Gerstein, Holber & Channen LLP, Haverhill, MA, for Stephen A. Janavicus, Consolidated Defendant.

James G. Gilbert, Law Offices of James G. Gilbert, Salem, MA, for City of Salem, Consolidated Defendant.

Alan L. Grenier, Grenier & McCarron, Danvers, MA, for Mildred W. Clark, Consolidated Defendant.

Lawrence P. Heffernan, Robinson & Cole, LLP, Boston, MA, for Cellco Partnership, Consolidated Defendant.

Timothy P. Houten, Middleton, MA, for Peter A. Madden, Consolidated Defendant.

Paul L. Kenny, Medford, MA, for John J. Kiley, Jr., Consolidated Defendant.

Scott H. Kremer, Tucker, Heifetz & Saltzman, Boston, MA, for Mattress Giant Corporation, Consolidated Defendant.

John S. Leonard, Menard, Murphy & Walsh, Boston, MA, for Massachusetts Bay Transportation Authority, Consolidated Defendant.

Robert Levy, Eckert Seamans Cherin & Mellott, LLC, Boston, MA, for Paul F. Driscoll Revocable Trust, Patricia A. Driscoll, Consolidated Defendants.

John R. Maciolek, Berg & Laipson, Worcester, MA, for Tower Realty Trust, Antonia M. Meli, Brian J. Coppola, Carole M. Neligon, Helen Kawar, Jack D. Armstrong, Jain Wen, Jane E. Armstrong, Joan B. Coppola, Judy Hou Hou, Kathleen E. Coppola, Laura M. Klimas, Linda A. Sabato, Michael A. Neligon, Nancy A. Pearl, Norah M. Slattery, Paul V. Meli, Russell P. Coppola, Shafik N. Kawar, Shawn M. Slattery, William L. Engstrom, Consolidated Defendants.

Jeffrey S. Marlin, The McLaughlin Brothers, LLP, Boston, MA, for Christine A. Kiklis, Gayle M. Gallagher, Lawrence D. Gallagher, Lynn M. Murphy, Consolidated Defendants.

James D. Masterman, Masterman, Culbert & Tully, LLP, Boston, MA, for Wilfried Welsch, Raquel Welsch, Consolidated Defendants.

Kevin M. Molloy, McTighe & Molloy, Westborough, MA, for Debra Ann D'Ambrosio, Consolidated Defendant.

Jack R. Pearl, W. Boxford, MA, for Jack R. Pearl, Consolidated Defendant.

Jon L. Revelli, Revelli & Revelli, P.C., Worcester, MA, for Christopher Melillo, Eileen Webster, Karen E. Hussey, Stephen Webster, Todd L. Hussey, Consolidated Defendants.

Richard A. Savrann, Rudolph Friedmann LLP, Boston, MA, for Leslie J. Musiak, Sandra L. Jordan, Joseph G. Musiak, Leslie J. Musiak, Robert J. Jordan, Sandra L. Jordan, Consolidated Defendants.

Jason R. Scopa, Law Offices of Peter E. Flynn, P.C., Saugus, MA, for Osram Sylvania Products, Inc., Consolidated Defendant.

Steven G. Shadallah, Law Offices of Steven G. Shadallah, Salem, NH, for Everett Jabour, George Jabour, Consolidated Defendants.

James W. Stoll, Brown Rudnick Berlack Israels LLP, Boston, MA, for Osram Sylvania Products, Inc., Consolidated Defendant.

Richard D. Vetstein, Masterman, Culbert & Tully, LLP, Boston, MA, for Raquel Welsch, Wilfried Welsch, Consolidated Defendants.

Veronica C. Viveiros, Harmon Law Offices, P.C., Newton, MA, for Lynn M. Murphy, Consolidated Defendant.

### ORDER OF RECUSAL

YOUNG, Chief Judge.

On May 23, 2002, Maritimes & Northeast Pipeline L.L.C. ("Maritimes") filed the first of 78 related land condemnation actions involving the construction of a gas pipeline north of Boston. All of these cases were consolidated in this session of the Court, the first one having been randomly drawn to me. Maritimes failed to file the corporate disclosure statement required by Local Rule 7.3 in any of these 78 cases.

By late 2003, most of these cases had been resolved. A handful had gone to trial before advisory juries and the last had tried jury-waived on September 8, 2003. I recused myself from one such case because Verizon had a direct ownership interest in the land taken and I own a few Verizon shares derived from the breakup of AT & T, which stock had been given to me by my parents as a child. Only the six above-captioned cases were awaiting final judicial resolution by December 2003.

For the past few years, I have been the unpaid trustee of a trust established under the will of my late uncle. The trust beneficiaries are his children (my cousins). During the month of December 2003, acting on the advice of the trust's financial advisor, I caused the trust to invest in 3,000 shares of Duke Energy Corp. ("Duke") after checking the Court's internal database to see if this caused any conflict with my judicial duties. (You can see where this is going). Thereafter, I duly caused the trust's purchase of the Duke stock to be entered into the Court's internal database and, in May, 2004, properly reported it on my 2003 financial disclosure statement as required by the Ethics in Government Act.

Now back to Court. On December 31, 2003 I denied the motion of Jack R. Pearl ("Mr.Pearl"), himself an affected landowner, seeking to intervene on behalf of another landowner. On February 27, 2004, I entered an order for judgment that disposed of the six above-captioned cases (one of which is Mr. Pearl's), save for a single issue as to the precise description of the easement in docket no. 02–11107–WGY (the "Willowdale" case).

On March 9, 2004, Mr. Pearl duly appealed, thus clearly triggering the duty of this Court to enter the detailed findings and rulings as to valuation required by Fed.R.Civ.P. 52(a). No appeal has been taken in the other four cases so, as to them, nothing further is required of the Court.

This autumn I was informed by the Administrative Office of the United States Courts that Mr. Pearl, as is his right, had requested copies of my 2002 and 2003 financial disclosure statements. This is the first time in my session that a disgruntled litigant has made such a request. Not to worry, I thought, having scrupulously complied with all reporting requirements. (Right. Now, surely you can see the denouement).

On December 16, 2004, an angry Mr. Pearl presented himself at the public counter in the Office of the Clerk and informed Courtroom Deputy Clerk Elizabeth Smith that Maritimes was a "subsidiary" of Duke and—accurately—claimed "he [meaning me] has been trading in Duke's stock while he's been deciding my case."

Apprised of this claim, a quick check of Maritimes' website confirms that its stock is split among three co-venturers with Duke, a publicly traded company, owning approximately 77% of Maritimes. Meanwhile, a call from Ms. Smith to defense counsel at my direction inquiring about any such relationship elicited a (woefully tardy) corporate disclosure statement.

As I conceive it, my duty is clear. I recuse myself forthwith from any further proceedings in the above-captioned cases. I do so promptly as a matter of prudence and discretion, without researching whether recusal is mandatory. My reasoning is simple: Had Maritimes filed the corporate disclosure statement as required by Local Rule 7.3, I never would have caused the trust to make this investment.[1] Having done so inadvertently, I must recuse myself at once. I do so.

I am not insensitive to the practical problems this causes.

In docket no. 02–10980–WGY, Mr. Pearl's case, I no longer have jurisdiction because the matter is on appeal. Unfortunately, it may now have to be completely re-tried since the admitted absence of de-

---

**1.** Before I accepted this family duty, I had fully informed the trust beneficiaries of the constraints imposed on me as a sitting judge.

tailed findings and rulings will prevent adequate appellate review.[2] I have thus considered selling the stock and proceeding pursuant to the safe harbor provision of 28 U.S.C. § 455(f). Wholly apart from my obligations as trustee, I have decided not to seek that safe harbor. It is my personal · view that section 455(f) prudentially ought to be reserved for those situations where all parties desire continued judicial action by the same judicial officer. Here, Mr. Pearl manifestly does not, and Maritimes is culpable in that it utterly failed to inform the Court of the data it was required to disclose. This is hardly the ground on which to build a respected judicial decision.

In docket no. 02–11107–WGY, the Willowdale matter, the situation is somewhat different. Here, all parties may wish me to continue to conclusion. Therefore, should *both* parties jointly move for my continued involvement within 30 days of this order, I will research whether disqualification is mandatory. Otherwise, this case will promptly be re-drawn.

The remaining four cases have settled or otherwise gone to judgment and the time for appeal has passed long since. As I have recused myself, any further proceedings in any of these matters shall be before another judge.

SO ORDERED.

---

**2.** There is, of course, a jury verdict here as well as a complete transcript, and both judge and jury took a comprehensive view of the site. Moreover, if the Court of Appeals considers my conscience too tender on the point, it may call for my findings and rulings (presently in draft form), and I will deliver them forthwith.